UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

EDWIN NORIEGA-RIVERA et al
    Plaintiffs

v.

PEDRO TOLEDO, et al              CIVIL NO. 97-2238 (DRD)
    Defendants.

## ORDER

On September 18, 2000, the Court issued an Order which reads as follows:

> "The last docket entry was an objection to the Magistrate's report and recommendation by Plaintiffs filed on September 15, 1998 (two years ago). (Docket No. 26). The objection was subsequently determined as moot/late. (Docket No. 26–Margin Order). The record does not show another docket entry for two years. Therefore, the Court hereby **ORDERS** Plaintiff to **SHOW GOOD CAUSE by September 28, 2000**, why this case should not be dismissed for lack of prosecution. Failure to demonstrate exceptionally cause for Plaintiffs' lack of prosecution shall result in dismissal of this case. **NO EXTENSIONS SHALL BE GRANTED.**"

(Docket No. 27). Since Plaintiffs did not appear to comply with the Order, the Court, on September 29, 2000, dismissed the instant action with prejudice (Docket No. 28) for lack of prosecution and entered judgment (Docket No. 29) in favor of Defendants. Plaintiffs have now filed a Motion for Reconsideration (Docket No. 31) indicating that they did in fact timely comply with the Court's Order to Show Cause, and that the Court should therefore consider their Motion to Show Cause (Docket No. 30) de novo.

Even after review of the merits of Plaintiffs' Motion to Show Cause (Docket No. 30), the Court must reaffirm its prior dismissal. Plaintiffs did not file any documents or otherwise prosecute this case for a period of two years after September 8, 1998, when the Court adopted Magistrate Judge Justo Arenas' Report and Recommendation (MRR) (Docket No. 26) dismissing the claims against some (but not all) of the named defendants. The only explanation proffered by Plaintiffs for their inaction rings hollow and woefully insufficient:

> "[D]uring the last year and a half the undersigned attorney has been very affected emotionally due to the now final and irremediably [sic] dissolution of his marriage of 18 years." (Docket No. 30 at p.2).

While the Court is sympathetic for Plaintiff's attorney's emotional troubles, they do not relieve him of his obligation to move forward with litigation for a period of two years. Moreover, the Court emphatically rejects Plaintiffs' half-hearted excuse that the Court's failure to formally

deny their opposition to the MRR until July 7, 1999, somehow lured Plaintiffs' attorney to "put aside the case waiting for a scheduling order". The Court explicitly adopted the MRR on September 8, 1998 (Docket No. 25) and forewarned that any subsequently submitted opposition would be deemed moot as late. During that ten-month interval, Plaintiffs did not continue to pursue their claims against the remaining defendants or request a reconsideration with respect to the dismissed defendants. In any case, there is absolutely no valid reason for the following 12-month delay. Plaintiffs did not, in their Motion to Show Cause (Docket No. 30) list any steps that they may have taken during the two-year period in question that would not have been reflected in the case docket. In fact, had the Court not issued an order to show cause, despite its authority to dismiss the case sua sponte, it would possibly still be waiting for some sign of life from Plaintiffs. This Court does not have the "obligation to play nursemaid to indifferent parties", Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990), and an unjustifiable delay, measured in years, warrants the sanction of dismissal with prejudice, United States Investment and Development Corp. v. Cruz, 780 F.2d 166, 168 (1st Cir.1986). Since Plaintiffs have failed to show good cause to excuse their lack of prosecution in the instant case, the Court hereby **DENIES** Plaintiffs' Motion for Reconsideration (Docket No. 31) and **RE-ENTERS** Judgment

IT IS SO ORDERED.

Date: April 23, 2001

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE