UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

EDWIN NORIEGA-RIVERA et al
    Plaintiffs

v.                              CIVIL NO. 97-2238 (DRD)

PEDRO TOLEDO, et al
    Defendants.

## ORDER

On April 23, 2001 this Court entered Judgment Dismissing Plaintiff's Claim with Prejudice for unjustified inactivity in the prosecution of his case. Before the Court is Docket # 35, Plaintiff's Motion for Reconsideration, filed on May 23, 2001.

Plaintiff bases his motion on Fed.R.Civ.Pro. 59(e) and 60(b). With respect to the 59(e) argument, and the related heading of his Motion ("Reconsideration"), this argument fails because it was brought more than 10 days after entry of the judgment, such requirement contained verbatim in the actual rule Plaintiff cited. Fed.R.Civ.Pro. 59(e); Goya Foods, Inc. v. Unanue, 223 F.3d 38, 47 (D.P.R. 2000).[1]

Rule 60(b) might be applicable. Rule 60(b) seeks to balance the importance of finality against the desirability of resolving disputes on the merits. Cotto v. United States, 993 F.2d 274, 277 (1st Cir.1993). "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...." Fed.R.Civ.Pro. 60(b)(1); see also Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384 (1949). "Excusable neglect calls for circumstances that are unique or extraordinary." Spound v. Mohasco Indus., Inc., 534 F.2d 404, 411 (1st Cir.1976) (defining "excusable neglect" in the context of F.R.A.P. 4(a)). Though Plaintiff bases his motion in part on this Rule, he provides neither legal support, reasoning, caselaw nor argument as to why particular elements at issue are satisfied by particular facts of his case. The Court is aware of counsel's mental status, however counsel must comply with standards set forth under the Rules. Plaintiff is thereby **ORDERED TO SHOW CAUSE** in line

---

[1] Prior to 1995, under FED. R. CIV. PROC. 59(e) only a "notice" of intent to move for reconsideration was necessary, not a "filing". In fact, if a movant filed such a motion within the 10 day limit, but did not serve notice upon the other parties, the motion would be time-barred. The 1995 Amendments to the Federal Rules of Civil Procedure changed the 59(e) notice requirement to that of a "filing" (but note, FED. R. CIV. PROC. 5 effectively still requires notice, in that a 59(e) Motion must include a certificate of service upon the other parties). As the Notes to the 1995 Amendments state, "[f]iling is an event that can be determined with certainty from court records." The previous notice requirement led to numerous inconsistencies causing special problems when such motions were filed jointly with other post-judgment motions.

with the applicable standards, by **August 15, 2001, at 5:00 PM**, why this Motion should not be Denied. Failure to respond as Ordered will result in the Denial of this Motion; Plaintiff's counsel is further reminded that in "our adversary system, the acts and omissions of counsel are customarily visited upon the client in a civil case." Cotto, *supra*, at 281.

**IT IS SO ORDERED.**

Date: July 23, 2001

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE