# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

**EDWIN NORIEGA-RIVERA et al**
    Plaintiffs

**v.**                                            **CIVIL NO. 97-2238(DRD)**

**PEDRO TOLEDO, et al**
    Defendants.

## ORDER

On July 27, 2001 this Court issued an Order requiring plaintiff to show cause in line with the applicable standards of Rule 60(b) of the Fed. R. Civ. Pro. by August 15, 2001, why his Motion for Reconsideration, filed on May 23, 2001 should not be Denied. (Docket #37). Therefore, still pending before the Court are Dockets #35, Plaintiff's Motion for Reconsideration, filed on May 23, 2001 and Docket #36, Plaintiff's Motion Supplementing Motion of Reconsideration filed on May 24, 2001. These motions remain unopposed.

Plaintiff has timely complied with this Court's order to show cause. Furthermore, on his motion plaintiff has provided the Court with the applicable case law, reasoning and arguments that specifically apply to the particular facts of his case, in line with the standards of Rule 60(b)(1) as interpreted by the U.S. Supreme Court in Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 394, 13 S.Ct. 1489, 123 L.Ed.2d 74, as well as by the 1st. Circuit Court of Appeals in Pratt v. Philbrook 109 F.3d 18 (1st. Cir.1997).

After reviewing the merits of Plaintiff's Motion to Reconsider in light of the case law, arguments and reasoning as set forth in his Motion in Compliance With Order, of August 15, 2001 and applying the equitable test of Pioneer as adopted by Pratt, withing the meaning of the term "excusable neglect", we conclude that, under the Pioneer's legal standard, Plaintiff is entitled to relief under Rule 60(b)(1). Therefore, it is hereby ordered that the judgement entered by this Court on April 23, 2001, be vacated and set aside and the case is fully reinstated in its normal proceedings.

**IT IS SO ORDERED.**

**Date:** _October 05, 2001_

**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

39 rb