UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

EDWIN NORIEGA-RIVERA et al
    Plaintiffs

v.                                              CIVIL NO. 97-2238 (DRD)

PEDRO TOLEDO, et al
    Defendants.

## ORDER

       On December 6, 2001, the remaining Co-Defendants were given a clear and unambiguous Order to "answer the Complaint [in this case] by **Friday, December 28, 2001, at 5:00 PM**." See Docket # 41; emphasis in original. To date the Co-Defendants have not complied with this Order. The Plaintiffs understandably move for Default (Docket # 42).

       The Court hereby finds remaining Co-Defendants Mariano Torres Feliciano and Enrique Perez de la Torre in **DEFAULT**. *See:* Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998) ("litigants have an unflagging duty to comply with clearly communicated case-management orders ... ."); Barreto v. Citibank, N.A., 907 F.2d 15, 16 (1st Cir. 1990) ("[W]ell established principle that discovery orders, other pre-trial orders, and, indeed, all orders governing the management of a case are enforceable under pain of sanction for unjustifiable violation."); Corretjer Farinacci v. Picayo, 149 F.R.D. 435 (D.P.R. 1993) (disregard of judge's scheduling order and local rules of the district justifies sanctions). "[A] district court has broad authority to enforce pre-trial discipline and to dismiss a case for failure to obey pre-trial orders." Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir. 1996) (*citing* Fed.R.Civ.P. 16(f), 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). "Prejudice to the court is inherent in needless delays and postponements." Chuang Invs. v. Eagle Inns, Inc., 81 F.3d 13, 14 (1st Cir. 1996). Simply put, "[t]he court has no obligation to play nursemaid to indifferent parties" Pinto v. Universidad de Puerto Rico 895 F.2d 18, 19 (1st Cir. 1990).

       The Court is ready to proceed with a hearing on damages. Plaintiff must first, however, advise the Court, **on or before March 13th, 2002**, whether they wish to continue with their request to proceed before a jury, or whether they will withdraw their request and have the hearing on damages heard and decided via a bench trial.

       IT IS SO ORDERED.

DATE: March 5, 2002                                      DANIEL R. DOMINGUEZ
                                                                          U.S. DISTRICT JUDGE

P:\RDSC\Cases\97-2238\Default.wpd

s/cs:to ( 2 )
  attys/pts
   in ICMS