UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RECEIVED AND FILED
2002 AUG 16 AM 10: 21
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

EDWIN NORIEGA-RIVERA, et. al.
    Plaintiffs

v.                                      CIVIL NO. 97-2238 (DRD)

PEDRO TOLEDO, et. al.
    Defendants.

## ORDER

       This case has been the judicial equivalent of a ping-pong match. In April, 2001, the Court dismissed the case because of Plaintiff's lack of prosecution. The Court denied Plaintiffs' first request for reconsideration, and generously granted their second request for consideration after a Show Cause hearing. Then the Court ordered Defendants to answer the Complaint. They didn't, so Plaintiffs moved for default. The Court reminded Plaintiffs of its liberality with them in lifting the dismissal, and as what is good for the goose must be good for the gander, generously provided Defendants more time to answer. Apparently the Court was not generous enough, because the Defendants did not answer, and several months later they were finally found to be in default. The Court noted that we would proceed to a hearing on damages only. Now it is the Defendants who move for reconsideration (Docket # 46).

       Defendants claim they have not received any correspondence related to this case- whether from the Court or opposing counsel- since July 30 of 2001 (related to the Order to Show Cause). Defendants claim they never even knew that the dismissal had been reversed and the case reinstated. That Defendants were present at the Show Cause Hearing, but never interested in following-up on the result, is hard for the Court to swallow. That Defendants have not received a single copy of a single docket entry in more than a year (11 entries), neither from opposing counsel *nor* from the Court, is also hard to imagine. The Court notes that Plaintiffs' counsel attested to sending copies of their motions to Defendants (as they must), and the Court Clerk has confirmed that each Court document was sent to counsel for both parties. Nevertheless, the Plaintiffs have not opposed the Defendants' request, and indeed Defendants attest that Plaintiffs' counsel has no issue with lifting the default. Accordingly, the Court vacates the default previously entered against the Defendants; Docket #46 is **GRANTED**. This also **MOOTS** Defendants' Motion Requesting Order (Docket # 50).

       But there's more. In May of 2002 counsel for the Defendants alerted the Court that she was leaving the Justice Department, and requested a period of time to acquire new counsel (Docket # 48). In granting her motion and providing until June 15, 2002, to acquire new representation, the Court stated: "Defendants are advised, nevertheless, that this has no affect on the trial date scheduled for August 19, 2002, at 9:00 AM. The Court looks forward to seeing all parties ready for trial on said date." *See* Docket # 49. With trial set for four days from now,

instead of obtaining new counsel by June 15th, the Justice Department assigned new counsel on August 13th (*6 days before trial*) and understandably new counsel moves this Court for continuance (Docket # 51, dated August 14th, 2002).

The Commonwealth Department of Justice is extremely lucky here. Were it not due to an oversight by the Court, this motion for continuance would most certainly have been denied. The final-round bell saving, however, comes from a Pre-Trial Conference not having been held. Additionally, the Court finds comfort in Defendants' statement that they wish to pursue settlement seriously as well. Accordingly, Docket # 51 is **GRANTED**. The August 19, 2002, trial date is vacated; instead, **on this same date at 9:00 AM** a short Status Conference shall be held to discuss with the parties the procedures to be followed as to settlement. The Court hereby sets a Settlement Conference for **September 3, 2002, at 5:30 PM**; representatives with decision making authority from each of the parties are to be available by telephone should the need arise to immediately contact them. The parties are ordered to meet prior to September 3, 2002, to initiate serious negotiation. Should the parties not settle, the Court sets the Pre-Trial Conference for **September 17, 2002, at 5:30 PM**. Trial is set to commence **September 23, 2002, at 1:00 PM.**

**THERE WILL BE ABSOLUTELY NO FURTHER CONTINUANCES OR EXTENSIONS, WHATSOEVER.**

**IT IS SO ORDERED.**

DATE: August 16, 2002

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

P:\RDSC\Cases\1997-2238\Default Lift.wpd